HERBERT THOMAS *vs.* EZRA A. CARPENTER.

Waldo.    Opinion November 23, 1923.

*All claims arising out of one and the same contract must be included in one action, if not, recovery on one bars recovery on all others.*

The contract in this case was an entirety.  Without deciding whether the forfeiture was in the nature of a penalty, the liability therefor existed when the breach as to payment occurred.  Both actions are based upon the breach of different provisions in the same contract, and contract rights and obligations cannot be so split in litigation.  The plaintiff must embrace all existing claims in a single action and that action is presumed to cover all the damages sustained by him.

On report on agreed statement.  An action to recover a forfeiture provided in a contract for cutting, sawing and sticking lumber, for non-fulfillment of the conditions of the contract, there having been a breach of such conditions by the defendant, and an action brought and judgment for damages resulting from the breach recovered and paid.  Judgment for defendant.

The case is sufficiently stated in the opinion.

*Arthur Ritchie*, for plaintiff.

*Dunton & Morse*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J.  On July 23, 1919, the parties to this action entered into the following written agreement:

"It is agreed that said H. E. Thomas shall cut, log, saw and stick up in a good place to load on wagons or truck all the soft wood lumber on the lot known as the A. K. Jackson lot in Belfast  . . . Said timber to be cut down to six inches in diameter, all the above to be done in a good workmanlike manner.  Said Thomas to begin on this job not earlier than September first and then to do above

job as per this contract, and said lumber to be scaled correctly. . . . . Said Carpenter to pay said Thomas the sum of thirteen dollars per thousand for doing said job, and pay said Thomas once a week as per bill to be sent to said Carpenter each Monday. Either party not fulfilling above agreement shall forfeit one hundred dollars."

From the agreed statement, under which this case comes before the Law Court, it appears that the plaintiff completed his work on or before March 14, 1921, and sent a bill to the defendant at that time for sawing 27,080 feet of lumber at the contract price of $13 per thousand, amounting to $352.04, with a credit of $106 and leaving a balance of $246.04 due. The defendant claimed that he had paid the plaintiff for all lumber sawn under the contract and refused to pay the bill. Thereupon, on December 13, 1921, the plaintiff brought suit to recover the amount unpaid and at the January Term, 1922, of the Supreme Judicial Court for Waldo County recovered judgment for debt and costs in the sum of $291.77, which judgment was subsequently paid by the defendant. On November 8, 1922, which was after recovery by the plaintiff and payment in full by the defendant in the first suit, the plaintiff began the pending action of assumpsit to recover the sum of one hundred dollars specified as a forfeiture for non-fulfillment of the agreement and claimed in his writ as liquidated damages.

The action cannot be maintained. Without considering the first point raised in defense that the forfeiture was in the nature of a penalty and not as liquidated damages, we rest our decision upon another and conclusive reason.

The contract between the parties was an entirety. Under it each was bound to perform certain acts. The chief act to be performed by the defendant was to make the weekly payments upon bills rendered by the plaintiff. This he failed to do. He thereby, according to the contention of the plaintiff, broke the contract and subjected himself to the suit and the judgment which followed. But he also, according to the contention of the plaintiff, subjected himself to the payment of the one hundred dollars forfeiture specified in the same agreement. That liability ripened through the failure to make due payments, existed in full force, if at all, when the first suit was brought on December 13, 1921, and should have been included in that action,

The plaintiff's first suit was based upon defendant's breach of one provision in the contract, the non-payment of the contract price at the agreed time. The second and pending action is founded on defendant's alleged breach of another provision of the same contract, non-payment of the forfeiture. Both actions are based upon the breach of different provisions in the same identical contract, and contract rights and obligations cannot be so split in litigation. One suit must determine all. A plaintiff is not permitted to have several successive actions for currently existing breaches of the same contract nor for existing breaches of separate provisions of the same contract. He must embrace all existing claims in a single action and that action is presumed to cover all the damages sustained by him. *Alie* v. *Nadeau*, 93 Maine, 283; *Maine Central R. R. Co.* v. *National Surety Co.*, 113 Maine, 465.

This principle is applicable here, and precludes recovery.

*Judgment for defendant.*